UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE BELYEW, | No. 2:20-cv-2503 KJN P |
| Petitioner, | |
| v. | ORDER |
| MIKE PALLARES, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel. On December 28, 2020, the instant habeas petition was construed as a motion to amend the habeas petition pending in <u>Belyew v. People of the State of California</u>, No. 2:19-cv-0294 AC (E.D. Cal.). The instant petition was filed in the earlier-filed habeas action because both petitions challenge her 2018 conviction in the Colusa County Superior Court. (ECF No. 1.) This action was terminated.

On January 13, 2021, petitioner filed a notice of appeal in this action, which was processed to the appellate court and assigned Case No. 21-15069.

On January 21, 2021, petitioner filed a motion to proceed in forma pauperis. However, this case is now terminated; thus, such motion was improvidently filed. Moreover, petitioner was granted leave to proceed in forma pauperis in her initial habeas action, <u>Belyew</u>, 2:19-cv-0294 AC, so plaintiff is already proceeding in forma pauperis with her claims challenging the 2018 conviction.

On January 25, 2021, petitioner filed a motion for certificate of appealability in this action. Petitioner claims the undersigned erred in construing the instant motion as a motion to amend her earlier habeas action because her earlier petition sought petitioner's release on her own recognizance. The undersigned observes that petitioner seeks the same relief in the instant petition, as well as reversal and dismissal of her conviction. (ECF No. 1 at 39.) Nevertheless, the filing of habeas petitions is governed by the conviction that is challenged, not the relief sought. Petitioner must bring all of her challenges to her 2018 conviction in one action. She may not pursue different claims in different actions if all of the claims attack the same 2018 conviction.

In any event, petitioner's instant habeas petition was not denied. Rather, as required under Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008), the instant petition was filed in petitioner's earlier habeas action and construed as a motion to amend the initial petition filed in Belyew, 2:19-cv-0294 AC. Woods, 525 F.3d at 888. Indeed, on February 1, 2021, the court directed that petitioner's amended petition be filed and that the respondent be directed to respond to the amended petition within sixty days. Belyew, 2:19-cv-0294 AC (ECF Nos. 6, 8.) If petitioner has further concerns or requests, she must direct them to the court in 2:19-cv-0294 AC where petitioner's amended petition is currently proceeding.

Thus, petitioner's motion for certificate of appealability is not well taken because no substantive decision on her habeas petition has yet issued. The undersigned denies the motion without prejudice to petitioner renewing the motion once judgment is entered in Belyew, 2:19-cv-0294 AC.

The undersigned will issue no further orders in this closed case.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to proceed in forma pauperis (ECF No. 12) is denied as moot; and

2. Petitioner's motion for certificate of appealability is denied without prejudice.

Dated: February 3, 2021

/bely2503.coa.dn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE